**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WILLIE TURRAL FOOD SERVICES, LLC, WILLIE TURRAL, QUINNETTA CLARK, MEGAN MALLORY, SHANTAE SMITH, SUNDEYA CLARK, BRITTANY SMALLS, TENISHA JAMES, AKEEYLAH TORRENCE, BERNICE WRIGHT, JAMES WRIGHT AND DAWNAVAN CHAPEL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHIRAAD SMALLS,<br><br>Defendants. | ) | **C.A. No. 9:26-cv-02080-BHH**<br><br>**Answer of Defendant Dawnavan Chapel As Personal Representative of the Estate of Chiraad Smalls** |

Defendant Dawnavan Chapel as Personal Representative of the Estate of Chiraad Smalls, answering the Complaint for Rescission and Declaratory Judgment filed by Plaintiff Great American Alliance Insurance Company ("GAAIC"), would respectfully show unto the Court as follows:

1. Defendant denies each and every allegation of the Complaint and demands strict proof thereof, including the WHEREFORE prayer for relief and its subparts, not hereinabove specifically admitted, modified, or explained.

2. To the extent that the Complaint references, incorporates, and/or attaches as exhibits written documents within the allegations of the Complaint, such written documents speak for themselves to the extent that such written documents are true, accurate, and valid. Defendant is without knowledge or information sufficient to form a belief as to the truth, accuracy, or validity

of such written documents, and therefore, Defendant denies that such written documents are true, accurate, and valid.

**FOR A FIRST DEFENSE**

3. The allegations contained in Paragraph 1 of the Complaint state legal conclusions to which no response is required of Defendant. To the extent a response is required, Defendant admits only that Plaintiff purports to bring this action under the Uniform Declaratory Judgment Act and denies the remaining allegations of Paragraph 1.

4. The allegations contained in Paragraph 2 of the Complaint state legal conclusions to which no response is required of Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and those allegations are therefore denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and those allegations are therefore denied.

7. Defendant, upon information and belief, admits the allegations contained in Paragraph 5 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and those allegations are therefore denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 7 through 15 of the Complaint, and those allegations are therefore denied.

10. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

11. In response to the allegations contained in Paragraph 17 of the Complaint, Defendant admits that Dawnavan Chapel as Personal Representative of the Estate of Chiraad Smalls filed a lawsuit in the Beaufort County Court of Common Pleas. The pleadings in that action speak for themselves, and Defendant crave reference to them and denies any characterization inconsistent therewith. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17, and those allegations are therefore denied. Any further allegation(s) in Paragraph 17 is denied, and strict proof is demanded thereof.

12. The allegations contained in Paragraphs 18, 19 and 20 of the Complaint state legal conclusions to which no response is required of Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraphs 18, 19 and 20 of the Complaint.

## FACTUAL BACKGROUND[1]

### A. The Underlying Actions

13. In response to the allegations contained in Paragraph 21 of the Complaint, Defendant admits that Dawnavan Chapel as Personal Representative of the Estate of Chiraad Smalls alleges injuries arising out of a shooting that took place at Willie's Bar and Grill (hereinafter, the "Incident") and crave reference to the state court pleadings. Defendant is without

[1] Defendant utilizes the same sections and headers as in the Plaintiff's Complaint for the sole purpose of organization and should not be interpreted as an adoption or agreement with the sections and headers or the allegations contained therein.

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21, and those allegations are therefore denied. Any further allegation(s) in Paragraph 17 is denied, and strict proof is demanded thereof.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and those allegations are therefore denied.

1. **The Q. Clark and Megan Mallory Actions**

15. In response to the allegations contained in Paragraphs 23 through 34 of the Complaint, Defendant would show that those allegations purport to characterize the Quinnetta Clark Amended Complaint and the Megan Mallory Complaint, to which Defendant is not a party. Those pleadings are written documents that speak for themselves and are a matter of public record. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 23 through 34, and those allegations are therefore denied. Any further allegation(s) in Paragraphs 23 through 34 is denied, and strict proof thereof is demanded.

16. In response to the allegations contained in Paragraph 35 of the Complaint, Defendant would show that those allegations purpose to characterize the crossclaims of Defendants James Wright and Bernice Wright against Willie Turral Food Services, LLC, in the Quinetta Clark and Megan Mallory state court actions. Those pleadings are written documents that speak for themselves and are a matter of public record. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35,

and those allegations are therefore denied. Any further allegation(s) in Paragraph 35 is denied, and strict proof thereof is demanded.

2. **The Smith, S. Clark, Jame and Torrence Actions**

17. In response to the allegations contained in Paragraphs 36 through 43 of the Complaint, Defendant would show that those allegations purport to characterize the complaints of Shantae Smith, Sundeya Clark, Brittany Smalls, Tenisha James and Akeeylah Torrence, to which Defendant is not a party. Those pleadings are written documents that speak for themselves and are a matter of public record. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 36 through 43, and those allegations are therefore denied. Any further allegation(s) in Paragraphs 36 through 43 is denied, and strict proof is demanded thereof.

3. **The Chapel Action**

18. In response to the allegations contained in Paragraphs 44 through 62 of the Complaint, Defendant would show that those allegations purport to characterize the state court complaint of Dawnavan Chapel as Personal Representative of the Estate of Chiraad Smalls, which is a written that document that speaks for itself as is a matter of public record. Defendant craves reference to those pleadings and deny any characterization inconsistent therewith.

B. **The Policy & Application**

19. In response to the allegations contained in Paragraphs 63 through 78 of the Complaint, Defendant would show that those allegations concern the insurance application, insurance policies, and dealings between GAAIC and Willie Turral Food Services, LLC, and that the application and insurance policies are written documents that speak for themselves. To the

extent the allegations state legal conclusions, no response is required. Defendant, upon information and belief, admits that Plaintiff provided an insurance policy ("Policy") that provides insurance coverage for Defendant's claims arising out of the Incident. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 63 through 78, and those allegations are therefore denied. Any further allegation(s) in Paragraphs 63 through 78 is denied, and strict proof is demanded thereof.

**FOR A FIRST CAUSE OF ACTION**
**(Rescission of the Policy)**

20. The allegations contained in Paragraph 79 of the Complaint are statements or conclusions for which no response is required. To the extent that a response is deemed necessary, said allegations are denied. Defendant repeat, reallege, and incorporate herein by reference, all responses above.

21. In response to the allegations contained in Paragraphs 80 through 97 of the Complaint, Defendant would show that those allegations concern the insurance policy, insurance application, a lease agreement, social media posts, alcohol licensure and application for such, and Plaintiff's claim for rescission, and that the insurance application, Policy, lease agreement, social media posts, and alcohol licensure and applications for such, are written documents that speak for themselves. To the extent the allegations state legal conclusions, no response is required. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 80 through 97, and those allegations are therefore denied. Any further allegation(s) in Paragraphs 80 through 97 is denied, and strict proof is demanded thereof.

**<u>FOR A SECOND CAUSE OF ACTION</u>**
**(Declaration That There is No Coverage Under the Policy's Coverage A and Coverage B Insuring Agreements)**

22. The allegations contained in Paragraph 98 of the Complaint are statements or conclusions for which no response is required. To the extent that a response is deemed necessary, said allegations are denied. Defendant repeat, reallege, and incorporate herein by reference, all responses above.

23. In response to the allegations contained in Paragraphs 99 through 115 of the Complaint, Defendant would show that those allegations purport to quote and characterize the terms of the Policy, which is a written document that speaks for itself. To the extent the allegations state legal conclusions concerning the existence or scope of coverage, no response is required. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations, and those allegations are therefore denied. Any further allegation(s) in Paragraphs 99 through 115 is denied, and strict proof is demanded thereof.

**<u>FOR A THIRD CAUSE OF ACTION</u>**
**(Declaration that the "Assault and Battery" Endorsement Excludes Coverage)**

24. The allegations contained in Paragraph 116 of the Complaint are statements or conclusions for which no response is required. To the extent that a response is deemed necessary, said allegations are denied. Defendant repeat, reallege, and incorporate herein by reference, all responses above.

25. In response to the allegations contained in Paragraph 117 of the Complaint, Defendant would show that those allegations purport to quote and characterize the terms of the Policy, which is a written document that speaks for itself. To the extent the allegations state legal conclusions concerning the existence or scope of coverage, no response is required. Defendant is

otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations, and those allegations are therefore denied. Any further allegation(s) in Paragraph 117 is denied, and strict proof is demanded thereof.

26. In response to Paragraphs 118 through 119 of the Complaint, Defendant admits that Chiraad Smalls was injured by an individual or individuals present at Willie's Bar and Grill on October 11, 2025 and/or October 12, 2025. To the extent the allegations state legal conclusions concerning the existence or scope of coverage, no response is required. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations, and those allegations are therefore denied. Any further allegation(s) in Paragraphs 118 through 119 is denied, and strict proof is demanded thereof.

27. Upon information and belief, Defendant admits the allegations contained in Paragraph 120 of the Complaint as a matter of public record.

28. In response to the allegations contained in Paragraphs 121 through 122 of the Complaint, Defendant would show that those allegations purport to quote and characterize the terms of the Policy, which is a written document that speaks for itself. To the extent the allegations state legal conclusions concerning the existence or scope of coverage, no response is required. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations, and those allegations are therefore denied. Any further allegation(s) in Paragraph 121 through 122 is denied, and strict proof is demanded thereof.

**FOR A FOURTH DEFENSE** (*sic*)
**(Declaration that the Liquor Liability Exclusion Excludes Coverage)**

29. The allegations contained in Paragraph 123 of the Complaint are statements or conclusions for which no response is required. To the extent that a response is deemed necessary,

said allegations are denied. Defendant repeat, reallege, and incorporate herein by reference, all responses above.

30. In response to the allegations contained in Paragraphs 124 through 127 of the Complaint, Defendant would show that those allegations purport to quote and characterize the terms of the Policy, which is a written document that speaks for itself. To the extent the allegations state legal conclusions concerning the existence or scope of coverage, no response is required. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations, and those allegations are therefore denied. Any further allegation(s) in Paragraph 124 through 127 is denied, and strict proof is demanded thereof.

**FOR A FIFTH CAUSE OF ACTION**
**(Declaration that the “Exclusion – Designated Ongoing Operations” Excludes Coverage)**

31. The allegations contained in Paragraph 128 of the Complaint are statements or conclusions for which no response is required. To the extent that a response is deemed necessary, said allegations are denied. Defendant repeat, reallege, and incorporate herein by reference, all responses above.

32. In response to the allegations contained in Paragraphs 129 through 132 of the Complaint, Defendant would show that those allegations purport to quote and characterize the terms of the Policy, which is a written document that speaks for itself. To the extent the allegations state legal conclusions concerning the existence or scope of coverage, no response is required. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations, and those allegations are therefore denied. Any further allegation(s) in Paragraph 129 through 132 is denied, and strict proof is demanded thereof.

**FOR A SIXTH CAUSE OF ACTION**
**(Declaration that the Wrights are not Insureds Under the Policy)**

33. The allegations contained in Paragraph 133 of the Complaint are statements or conclusions for which no response is required. To the extent that a response is deemed necessary, said allegations are denied. Defendant repeat, reallege, and incorporate herein by reference, all responses above.

34. In response to the allegations contained in Paragraphs 134 through 140 of the Complaint, Defendant would show that those allegations concern whether Bernice Wright and James Wright qualify as insureds under the Policy and purport to quote and characterize the terms of the Policy, which is a written document that speaks for itself. To the extent the allegations state legal conclusions, no response is required. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 134 through 140, and those allegations are therefore denied. Any further allegation(s) in Paragraph 134 through 140 is denied, and strict proof is demanded thereof.

**FOR A SEVENTH CAUSE OF ACTION**
**(Declaration that No Coverage is Provided or Coverage is Excluded Under the Policy for the Claims Asserted against the Wrights in the Underlying Action)**

35. The allegations contained in Paragraph 141 of the Complaint are statements or conclusions for which no response is required. To the extent that a response is deemed necessary, said allegations are denied. Defendant repeat, reallege, and incorporate herein by reference, all responses above.

36. In response to the allegations contained in Paragraphs 142 and 143 of the Complaint, Defendant would show that those allegations concern coverage for Bernice Wright and James Wright under the Policy, which speaks for itself. To the extent that the allegations state legal

conclusions, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and those allegations are therefore denied. Any further allegation(s) in Paragraphs 142 through 143 is denied, and strict proof is demanded thereof.

37. In response to Plaintiff's unnumbered WHEREFORE Paragraph, Defendant denies that Plaintiff is entitled to judgment or any of the prayers for relief contained therein.

**FOR A SECOND DEFENSE**

38. Defendant realleges and incorporates herein by reference the relevant and consistent portions of the First Defense set forth above.

39. The Complaint fails, in whole or in part, to state a claim upon which the relief requested may be granted.

**FOR A THIRD DEFENSE**

40. Defendant realleges and incorporates herein by reference the relevant and consistent portions of the foregoing Defenses set forth above.

41. Plaintiff is not entitled to rescission of the Policy because the representations at issue were not material, were not false, and/or were not relied upon by Plaintiff in issuing the Policy.

**FOR A FOURTH DEFENSE**

42. Defendant realleges and incorporates herein by reference the relevant and consistent portions of the foregoing Defenses set forth above.

43. Plaintiff's claims for rescission and for a declaration that no coverage exists are barred, in whole or in part, by the doctrines of waiver, estoppel, and ratification.

**FOR A FIFTH DEFENSE**

44. Defendant realleges and incorporates herein by reference the relevant and consistent portions of the foregoing Defenses set forth above.

45. The Insuring Agreements, exclusions, and endorsements relied upon by Plaintiff do not apply to bar coverage for the claims asserted in the Underlying Actions and do not relieve Plaintiff of its duty to defend and indemnify. To the extent any provision of the Policy relied upon by Plaintiff is ambiguous, it must be construed against Plaintiff, as the drafter, and in favor of coverage.

**FOR A SIXTH DEFENSE**

46. Defendant realleges and incorporates herein by reference the relevant and consistent portions of the foregoing Defenses set forth above.

47. Defendant specifically pleads all warranties, terms, definitions, provisions, conditions, endorsements, exclusions, and limitations of the Policy, as if such were fully set forth verbatim herein, and these Defendant assert that Plaintiff's reliance on any terms, limitations, conditions, or exclusions is invalid or said Policy is ambiguous.

**FOR A SEVENTH DEFENSE**

48. Defendant realleges and incorporates herein by reference the relevant and consistent portions of the foregoing Defenses set forth above.

49. Plaintiff failed to properly reserve its rights and/or provide sufficient notice of any coverage defenses it now relies on to disclaim coverage.

**FOR A EIGTH DEFENSE**

50. Defendant realleges and incorporates herein by reference the relevant and consistent portions of the foregoing Defenses set forth above.

51. Defendant reserves the right to assert such additional defenses as may become known or available through discovery or further investigation in this action.

**FOR A NINTH DEFENSE**

52. Defendant realleges and incorporates herein by reference the relevant and consistent portions of the foregoing Defenses set forth above.

53. Defendant incorporates and pleads as if set forth herein any affirmative defenses pled by other Defendants to this action.

**FOR A TENTH DEFENSE**

54. Defendant realleges and incorporates herein by reference the relevant and consistent portions of the foregoing Defenses set forth above.

55. Defendant reserves the right to assert counterclaims and/or crossclaims if Defendant accrues causes of action against another party and/or after more information becomes available during discovery.

WHEREFORE, having fully answered the Complaint, Defendant pray that the Complaint be dismissed as to Dawnavan Chapel as Personal Administrator of the Estate of Chiraad Smalls, that Plaintiff take nothing thereby, that the costs of this action be assessed against Plaintiff, and for such other and further relief as the Court may deem just and proper.

*Signature Page to Follow*

DORE LAW FIRM

By: *s/Anthony O. Dore*
Anthony O. Dore
Fed. Bar #: 7394
Post Office Box 1538
Beaufort, SC 29901
christina@dorelawoffice.com

and

PARKER LAW GROUP, LLP

By: *s/Austin H. Crosby*
Austin H. Crosby
Fed. Bar #: 11536
acrosby@parkerlawgroupsc.com
Neil E. Alger
Fed. Bar # 11903
nalger@parkerlawgroupsc.com
Isaac "Zac" Sauls
Fed. Bar #: 14557
zsauls@parkerlawgroupsc.com
101 Mulberry St. East
Hampton, S.C. 29924

***Attorneys for Defendant Dawnavan Chapel as Personal Representative of the Estate of Chiraad Smalls***

September 11, 2026
Hampton, South Carolina