UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

# NOTICE TO COUNSEL

Attached please find a scheduling order for your review. The 2000 Amendments to the Federal Rules of Civil Procedure, and subsequent amendments to the local rules for this district, now require that, early in the litigation, counsel meet, confer, and submit certain information to the court. Some of the requested information is needed to formulate a scheduling order. The judges of this district have determined that the most feasible way of accomplishing this is for the court to enter an initial scheduling order with a request that the parties meet and determine if the dates proposed by the court are acceptable.

The deadline for meeting and conferring in this case is set out in Paragraph 1 of the attached scheduling order. A form **RULE 26(f) REPORT** is attached and must be completed and filed indicating your acceptance of, or suggested changes to, the scheduling order.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Forstmann v. Culp*, 114 F.R.D.83, 85 (M.D.N.C. 1987) (*quoting Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). "The use of discovery closure dates and deadlines for disclosure of experts are important tools for case management." *Serrano-Perey v. F.M.C. Corp.*, 985 F.2d 625, 628 (1st Cir. 1993).

The Local Civil Rules for the District of South Carolina, as well as the forms referenced in this order, are available on this District's website at:

**www.scd.uscourts.gov**

s/Bruce Howe Hendricks
United States District Judge

September 15, 2026
Charleston, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Great American Alliance Insurance Company<br>Plaintiff,<br><br>-versus-<br><br>Willie Turral Food Services LLC, Willie Turral, Quinnetta Clark, Megan Mallory, Shantae Smith, Sundeya Clark, Brittany Smalls, Tenisha James, Akeeylah Torrence, Bernice Wright, James Wright, and Dawnavan Chapel, as Personal Representative of the Estate of Chiraad Smalls<br>Defendants. | C/A No. **9:26-cv-02080-BHH**<br><br>**CONFERENCE AND SCHEDULING ORDER** |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1. A conference of the parties pursuant to Fed.R.Civ.P. 26(f) shall be held no later than **October 06, 2026.**[1] At conference the parties shall confer concerning all matters set forth in Fed.R.CivP. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.[2]

2. No later than **October 20, 2026**, the required initial disclosures under Fed.R.Civ.P. 26(a)(1) shall be made.[3]

3. No later than **October 20, 2026**, the parties shall file a Rule 26(f) Report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. See attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed.R.Civ.P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed.R.Civ.P. 29 and Local Civil Rule 29.01.

queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings (Fed.R.Civ.P.16(b)(3)(A)) shall be filed no later than **November 10, 2026**.[4]

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **December 10, 2026**.

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ.P. 26(a)(2)(B) has been disclosed to other parties by **January 11, 2027**.

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **January 11, 2027**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed.R.Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8. Discovery shall be completed no later than **March 12, 2027**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 and have had a telephone conference with Judge Hendricks in an attempt to resolve the matter informally. The request for a telephone conference should be made within the time limit prescribed by local rule for filing such motion.**

9. Mediation shall be completed in this case on or before **March 12, 2027.** See the Mediation Order filed in this case which sets forth mediation requirements.

10. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed.R.Civ.P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **April 12, 2027**. (Fed.R.Civ.P.16(b)(3)(A)).

11. This case is subject to being called for jury selection and/or trial the later of 60 days after dispositive motions have been resolved or **July 12, 2027**. Once a specific jury selection and trial date are scheduled, a Notice will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, Motions in Limine, Pretrial Briefs, and marking of exhibits.

---

[4] As a general rule, when no timely response is filed to any motion, the Court will grant the motion with the notation that it is being "granted without opposition."

s/Bruce Howe Hendricks
United States District Judge

Dated: September 15, 2026
Charleston, South Carolina

Pursuant to Local Civil Rule 83.I.06, this order is being sent to local counsel only.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Great American Alliance Insurance Company
Plaintiff,

-versus-

Willie Turral Food Services LLC, Willie Turral, Quinnetta Clark, Megan Mallory, Shantae Smith, Sundeya Clark, Brittany Smalls, Tenisha James, Akeeylah Torrence, Bernice Wright, James Wright, and Dawnavan Chapel, as Personal Representative of the Estate of Chiraad Smalls
Defendants.

CA **9:26-cv-02080-BHH**

**RULE 26(f) REPORT**

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

__________ We agree that the schedule set forth in the Conference and Scheduling Order filed **September 15, 2026** is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

__________ We agree that the schedule set forth in the Conference and Scheduling Order filed **September 15, 2026** requires modification as set forth in the attached proposed Consent Amended Scheduling Order (use format of the Court's standard scheduling order attached hereto). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

__________ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

PLAINTIFF(S)

______________________________
*Signature of Plaintiff's Counsel*

______________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

______________________________
*Signature of Plaintiff's Counsel*

______________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

______________________________
*Signature of Plaintiff's Counsel*

______________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

______________________________
*Signature of Plaintiff's Counsel*

______________________________
*Printed Name of Plaintiff's Counsel and Party Represented*

*Dated:*______________________________

DEFENDANT(S)

______________________________
*Signature of Defendant's Counsel*

______________________________
*Printed Name of Defendant's Counsel and Party Represented*

______________________________
*Signature of Defendant's Counsel*

______________________________
*Printed Name of Defendant's Counsel and Party Represented*

______________________________
*Signature of Defendant's Counsel*

______________________________
*Printed Name of Defendant's Counsel and Party Represented*

______________________________
*Signature of Defendant's Counsel*

______________________________
*Printed Name of Defendant's Counsel and Party Represented*

*Dated:* ______________________________

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

| | | |
|---|---|---|
| Great American Alliance Insurance Company,<br>Plaintiff<br>v.<br>Willie Turral Food Services LLC, Willie Turral, Quinnetta Clark, Megan Mallory, Shantae Smith, Sundeya Clark, Brittany Smalls, Tenisha James, Akeeylah Torrence, Bernice Wright, James Wright, and Dawnavan Chapel, as Personal Representative of the Estate of Chiraad Smalls,<br>Defendants | ) | Civil Action No. **9:26-cv-02080-BHH** |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

Consent to a magistrate judge's authority. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| ______________________ | ______________________ | ______________________ |
| ______________________ | ______________________ | ______________________ |
| ______________________ | ______________________ | ______________________ |
| ______________________ | ______________________ | ______________________ |

### Reference Order

**IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: ____________________

______________________________
District Judge's signature

______________________________
Printed name and title

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.