IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Great American Alliance Insurance Company )
Plaintiff )
)
vs. ) C/A No. **9:26-cv-02080-BHH**
Willie Turral Food Services LLC, Willie Turral, )
Quinnetta Clark, Megan Mallory, Shantae Smith, ) **ORDER TO CONDUCT MEDIATION**
Sundeya Clark, Brittany Smalls, Tenisha James, )
Akeeylah Torrence, Bernice Wright, James Wright, )
and Dawnavan Chapel, as Personal Representative
of the Estate of Chiraad Smalls
Defendants )

A mediation is to be completed in this matter in accordance with the time limits set forth in the scheduling order issued in this case. Upon completion of the mediation, counsel shall advise the court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is necessary.

Attorneys primarily responsible for handling the trial, parties and/or insurer representatives with full settlement authority[1] are ORDERED to be present in person and will be excused only for good cause shown. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery must be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 DSC.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408, Local Rule 16.08(c) DSC, and Federal Rule of Civil Procedure 68. If a settlement is not reached at the mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge, see Local Rules 16.08(c) and 16.10 (h) DSC, except as allowed by Local Rule 26.05(f) DSC.

---

[1]"Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs.

If any reason exists why any person, party or counsel subject to this Order should not participate in this mediation, the court is to be advised of these reasons in writing immediately.

Notices have been mailed to all counsel of record and any *pro se* parties. Counsel are responsible for notifying and ensuring the presence of parties and/or insurer representatives as described above.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Coordinator, Billie Goodman, at (803) 253-3491.

**AND IT IS SO ORDERED**.

s/Bruce Howe Hendricks
United States District Judge

September 15, 2026
Charleston, South Carolina